No. 20-16743

# United States Court of Appeals for the Ninth Circuit

**BANK OF AMERICA, N.A., SUCCESSOR BY MERGER ON BEHALF OF BAC HOME LOANS SERVICING, LP,**
*Plaintiff - Appellant*,

v.

**AUBURN AND BRADFORD AT PROVIDENCE HOMEOWNERS' ASSOCIATION AND VERN ELMER,**
*Defendant - Appellees*.

On Appeal from the United States District Court
for the District of Nevada, Las Vegas Division
Case No. 2:16-cv-02761-APG-BNW

## APPELLANT'S REPLY BRIEF

R. Aaron Chastain
Stephen C. Parsley
Justin A. Miller
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

*Attorneys for Appellant Bank of America, N.A.*

September 20, 2023

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Rule 26.1 of the Federal Rules of Appellate Procedure, Appellant Bank of America, N.A. ("BANA") is wholly owned by BAC North America Holding Company ("BACNAH"). BACNAH is a direct, wholly owned subsidiary of NB Holdings Corporation ("NB Holdings"). NB Holdings is a direct, wholly owned subsidiary of Bank of America Corporation. Bank of America Corporation is a publicly traded company whose shares are traded on the New York Stock Exchange and has no parent corporation. Based on the U.S. Securities and Exchange Commission Rules regarding beneficial ownership, Berkshire Hathaway Inc., 3555 Farnam Street, Omaha, Nebraska 68131, beneficially owns greater than 10% of Bank of America Corporation's outstanding common stock.

## TABLE OF CONTENTS

**Page**

Corporate Disclosure Statement ..... i

Table of Authorities ..... iii

Introduction ..... 1

Argument ..... 2

I. This Court Should Hold that the Statute of Limitations Did Not Run on BANA's Quiet Title Claim. ..... 3

A. Retroactivity is not at issue here. ..... 3

B. Judgment should be rendered under Thunder Properties. ..... 5

II. BANA Met Its Burden to Show Tender. ..... 9

III. If This Court Remands the Quiet Title Claim, It Should Also Remand the NRS 116.1113 and Wrongful Foreclosure Claims. ..... 12

Conclusion ..... 14

Certificate of Compliance ..... 16

Statement of Related Cases ..... 17

Certificate of Service ..... 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bank of N.Y. Mellon v. 5008 Signal Drive Tr.*,
No. 20-16388, 2021 WL 5823708 (9th Cir. Dec. 8, 2021) ................................12

*Bank of N.Y. Mellon v. Sommerset Park HOA*,
No. 19-16891, 2023 WL 370878 (9th Cir. Jan. 24, 2023) ...................................7

*Berberich v. Bank of Am., N.A.*,
460 P.3d 440 (Nev. 2020)........................................................................................6

*Deutsche Bank Nat'l Tr. Co. v. Edward Kielty Tr.*,
No. 2:17-cv-01759-RFB-PAL, 2019 WL 1442183 (D. Nev. Mar. 31, 2019) .........................................................................................10, 11

*Deutsche Bank Nat'l Tr. Co. v. Saticoy Bay LLC Series 1236 Dusty Creek St.*,
No. 20-15432, 2022 WL 17176383 (9th Cir. Nov. 23, 2022)..........................7, 8

*Fiducial, LLC v. Bank of N.Y. Mellon Corp.*,
432 P.3d 718, 2018 WL 6617727 (Nev. Dec. 11, 2018)...................................10

*Howard v. Waale-Camplan & Tiberti*,
67 Nev. 304, 217 P.2d 872 (1950)........................................................................9

*Lambert v. Blodgett*,
393 F.3d 943 (9th Cir. 2004) ..................................................................................3

*Nationstar Mortg. LLC v. Legacy Estates Prop. Owners Ass'n*,
No. 20-17114 (9th Cir. Mar. 1, 2023)...........................................................8, 9, 13

*In re Reynolds*,
726 F.2d 1420 (9th Cir. 1984) ............................................................................3, 4

*Scott v. Harris*,
550 U.S. 372 (2007)..............................................................................................12

*State Farm Mut. Auto. Ins. Co. v. Wharton*,
495 P.2d 359 (9th Cir. 1972) ..............................................................................13

*Thorpe v. Durham Hous. Auth.*,
393 U.S. 268 (1969) .......... 3, 4

*U.S. Bank, N.A. v. SFR Investments Pool 1, LLC*,
No. 19-16853, 2023 WL 370974 (9th Cir. Jan. 24, 2023) .......... 7

*U.S. Bank, N.A. v. Thunder Properties, Inc.*,
503 P.3d 299 (Nev. 2022) .......... *passim*

*U.S. Bank, N.A. v. Thunder Properties, Inc.*,
958 F.3d 794 (9th Cir. 2020) .......... 4

*U.S. Bank, N.A. v. Thunder Properties, Inc.*,
No. 17-16399, 2019 WL 13139846 (9th Cir. Feb. 17, 2022) .......... 8

*United States v. Schooner Peggy*,
5 U.S. (1 Cranch) 103 (1801) .......... 3

**Rules**

9th Cir. Rule 28-2.6 .......... 17

9th Cir. Rule 32-1 .......... 16

Fed. R. App. P. 26.1 .......... i

Fed. R. App. P. 32 .......... 16

Fed. R. Civ. P. 56 .......... 9

**Statutes**

NRS 11.190 .......... 13

NRS 11.190(1)(a) .......... 13

NRS 116.1113 .......... 12, 13, 14

## INTRODUCTION

The parties' areas of disputes in this appeal are narrow, and each one must be resolved in favor of BANA. Appellee the Auburn and Bradford at Providence Homeowners' Association (the "HOA") concedes that *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022), governs this appeal. Appellee Vern Elmer only argues in the alternative that *Thunder Properties* should not be applied. Elmer unsuccessfully appeals to non-retroactivity rules, but this case fits squarely within the ordinary principle that appellate courts apply the law as it exists when deciding the case. Accordingly, Nevada's four-year limitations period applies, and the district court erred in holding that BANA's quiet title claim was time-barred.

The only real dispute, then, is whether to decide this case now or unnecessarily remand questions that can only have one answer to the district court. BANA asks that this Court follow its practice under similar circumstances and render judgment. The HOA favors remand but fails to mention any action taken in the relevant eleven-week period to trigger the limitations period. This Court should render judgment in BANA's favor, not remand and thereby prolong this case for months or years longer.

For the second issue, regarding BANA's preservation of the deed of trust by tender, the HOA offers nothing more than the empty assertion that BANA should have provided *more* evidence than it did to support summary judgment. The

undisputed evidence shows that BANA tendered a superpriority check and that the HOA's agents received the check.

This Court need proceed no further than these issues concerning BANA's quiet title claim if it resolves them in BANA's favor. But if this Court does not rule as a matter of law that the deed of trust survived and instead remands the quiet title claim for further proceedings, then this Court should also remand BANA's damages claims against the HOA for wrongful foreclosure and for breaching its duty of good faith. The HOA should not be allowed to argue its case on remand without answering for its decision to sell a property worth six figures for $4,800.00 in satisfaction of its lien.

## ARGUMENT

This Court has all that it needs to render judgment for BANA on the statute-of-limitations issue and to quiet title in BANA's favor based on the tender rule. The appellees' request for remand and a second bite at the apple is unnecessary; there is no question of fact that would require further district court proceedings on either BANA's tender or the timeliness of the quiet title claim. This Court should follow its well-grounded practice of rendering judgment in circumstances like this one.

## I. This Court Should Hold that the Statute of Limitations Did Not Run on BANA's Quiet Title Claim.

### A. Retroactivity is not at issue here.

Seeing the writing on the wall that his statute-of-limitations defense is without merit, Elmer now argues that *Thunder Properties* cannot be applied retroactively (Elmer Br. at 6–9). In *Thunder Properties*, this Court certified two questions to the Supreme Court of Nevada about the statute of limitations that applies to claims like this one, *i.e.*, where a deed of trust beneficiary sues the holder of title obtained from an association lien foreclosure sale to obtain an order confirming the deed of trust's survival. *See* 503 P.3d 302–303. Elmer's dissatisfaction with the Supreme Court of Nevada's conclusive answers is not a basis to set aside *Thunder Properties* when deciding this appeal.

Instead, this case falls squarely within the general rule set by Chief Justice Marshall in *United States v. Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110 (1801), that an appellate court applies the law in effect when it renders its decision. *See In re Reynolds*, 726 F.2d 1420, 1425 (9th Cir. 1984) (Wallace, J., concurring). This Court has likewise held, "it is well established that a court generally applies the law in effect at the time of its decision, and that if the law changes while the case is on appeal the appellate court applies the new rule." *Lambert v. Blodgett*, 393 F.3d 943, 973 n.21 (9th Cir. 2004) (citing *Thorpe v. Durham Hous. Auth.*, 393 U.S. 268, 281 (1969). And Chief Justice Marshall's reasoning in *Schooner Peggy* applies

"whether the change was constitutional, statutory, or judicial." *In re Reynolds*, 726 F.2d at 1422 (concurrence) (citing *Thorpe*, 393 U.S. at 281–82).

Here, the Supreme Court of Nevada decided *Thunder Properties* after the district court had rendered judgment but before the parties filed their briefs. This Court must apply Nevada state law as it now exists, and that means following *Thunder Properties*.

Elmer is confused on this point, and the confusion is nowhere more apparent than his claim that *Thunder Properties* "deviated from the well-settled law on accrual" and "changed the burden to the purchaser[.]" *See* Elmer Br. at 7. One of the questions that this Court certified to the Supreme Court of Nevada was, "What causes the limitations period to run?" *i.e.*, what causes the claim to accrue. *See U.S. Bank, N.A. v. Thunder Properties, Inc.*, 958 F.3d 794, 796 (9th Cir. 2020). The reason that this Court certified that question and others to the Supreme Court of Nevada was because it believed was "no controlling precedent." *Id*. This Court and the Supreme Court of Nevada clearly did not share Elmer's opinion that the law previously was "well-settled," or there would have been no need of the certified question proceeding.

This is not a situation where the Supreme Court of Nevada set aside a decided rule of law and replaced it with a new one. It is a situation where Nevada law was previously unclear, and both this Court and Nevada's highest court wanted

clarity. Elmer and his counsel simply want to re-argue *Thunder Properties* before this Court; indeed, Elmer's answering brief re-asserts several of the arguments that the *Thunder Properties* purchaser and amicus curiae advanced on rehearing and the Supreme Court of Nevada rejected by denying the petition.[1]

The Supreme Court of Nevada's answers on this state-law question are the final word. Purchasers had their opportunity to make those arguments in *Thunder Properties*; the Supreme Court of Nevada rejected them. Elmer's retroactivity argument is without any merit, and this Court should apply *Thunder Properties* as it has repeatedly done in other cases like this one.

**B. Judgment should be rendered under *Thunder Properties*.**

Aside from Elmer's failed retroactivity argument, neither appellee denies that the district court's ruling is irreconcilable with *Thunder Properties*. The only dispute is over the proper remedy. This Court should render judgment that BANA's quiet title action was timely, as it has done in many similar post-*Thunder Properties* appeals. The appellees' requests to remand ignore those decisions. More seriously, neither appellee has even mentioned (let alone provided evidence) of an action that it might identify on remand as a dispositive trigger date for the

---

[1] *Compare* Elmer Br. at 3–6 *with* Respondent's Pet. R'ing at 4–10, *U.S. Bank, N.A. v. Thunder Properties, Inc.*, 503 P.3d 299 (Nev. 2022) (No. 81129) (available at https://caseinfo.nvsupremecourt.us/) (filed Mar. 22, 2022), *and* Br. SFR Investments Pool 1, LLC, Amicus Curiae Support Pet. R'ing, *id.*, 2022 WL 1286772, *3–*5.

statute of limitations. Accordingly, this Court should vacate the district court's judgment and render judgment in favor of BANA.

The district court held the statute of limitations for BANA's quiet title claim began to run on the date of the foreclosure sale. 1-ER-004. The Supreme Court of Nevada rejected that position and held instead, "the limitations period does not begin to run until the lienholder receives *notice of some affirmative action* by the titleholder to repudiate the lien or that is otherwise inconsistent with the lien's continued existence." *Thunder Properties*, 503 P.3d at 306 (emphasis added). "[M]ere notice of an adverse claim is not enough." *Id.* (quoting *Berberich v. Bank of Am., N.A.*, 460 P.3d 440 (Nev. 2020)).

This statute of limitations cannot be triggered until an adverse claim is actually pressed by calling into question the validity or legality of the plaintiff's ownership interest. *Id.* The threshold of affirmative action by the titleholder is "something closely analogous to notice of disturbed possession, such as repudiation of the lien." *Id.* (cleaned up). Under this standard, an association foreclosure sale by itself cannot trigger the limitations period because it merely provides notice of a potentially adverse claim; the sale does not "necessarily extinguish the lien." *Id.* at 307. The court held that "something more" than a mere foreclosure sale is required to rise to a notice of disturbed possession or pressing an adverse claim. *Id.*

Elmer contests the Supreme Court of Nevada's reasoning instead of applying it: He says, "[i]f we are being intellectually honest, under this law, the sale date or at the very least the date the foreclosure deed records is the accrual date." Elmer Br. at 9. Elmer's opinions on intellectual honesty are irrelevant in the face of a contrary authority, but in any event this Court will observe that the Supreme Court of Nevada thoroughly reasoned that although a foreclosure sale "*can* extinguish a banks' deed of trust," it "does not necessarily extinguish the lien." *Thunder Properties*, 503 P.3d at 307.

In contrast to Elmer, the HOA at least recognizes that the limitations period could only be triggered during the eleven weeks between the foreclosure sale and December 1, 2012, which was four years before BANA filed its complaint. But the record does not show that Elmer took any affirmative action of repudiation that would have triggered the statute of limitations. This Court has repeatedly rendered judgment under similar circumstances. *See, e.g.*, *Bank of N.Y. Mellon v. Sommerset Park HOA*, No. 19-16891, 2023 WL 370878, at *1 (9th Cir. Jan. 24, 2023); *U.S. Bank, N.A. v. SFR Investments Pool 1, LLC*, No. 19-16853, 2023 WL 370974, at *1 (9th Cir. Jan. 24, 2023). This Court has also confirmed that no pre-foreclosure-sale actions can trigger the running of the limitations period. *See Deutsche Bank Nat'l Tr. Co. v. Saticoy Bay LLC Series 1236 Dusty Creek St.*, No. 20-15432, 2022 WL 17176383, at *1 (9th Cir. Nov. 23, 2022). And this Court has rejected specific

arguments that the limitations period is triggered by recording the foreclosure deed, refusing to accept the superpriority tender, or reaching the date that the next loan installment falls due. *Id.* This Court should render judgment on this issue again here.

The HOA's request to delay and remand is wholly unnecessary, and the decisions it cites to support its argument are inapposite. HOA Br. at 17–18 (citing *U.S. Bank, N.A. v. Thunder Properties, Inc.*, No. 17-16399, 2019 WL 13139846 (9th Cir. Feb. 17, 2022); and *Nationstar Mortg. LLC v. Legacy Estates Prop. Owners Ass'n*, No. 20-17114 (9th Cir. Mar. 1, 2023)). In both of those cases, the parties' briefing did not address the *Thunder Properties* standard, and so this Court understandably opted to remand.

The first opinion cited by the HOA is this Court's response to the Supreme Court of Nevada's answers to the certified questions in *Thunder Properties*. Of course, the *Thunder Properties* decision did not exist when the parties briefed their appeal before this Court, and so the first chance that the parties had to argue under the Supreme Court of Nevada's answers to the certified questions was on remand. In the second case that the HOA cites, the *Thunder Properties* decision was released after the appellant submitted its opening brief. Neither party mentioned *Thunder Properties* in their briefing. This Court addressed the case *sua sponte* and

ordered a remand after the parties conceded that it applied to the case. *Nationstar Mortg.*, 2023 WL 2301440, at *2.

In contrast, the parties here have briefed the *Thunder Properties* issue and have had the opportunity to identify any affirmative act to repudiate the Deed of Trust that Elmer took in the eleven-week span that is relevant here. Elmer and the HOA bore the burden of proof on this statute-of-limitations defense. *See Howard v. Waale-Camplan & Tiberti*, 67 Nev. 304, 312, 217 P.2d 872, 876 (1950) (unless untimeliness of a claim "appear[s] on the face of the complaint," the "burden of proof" is on defendants asserting the statute of limitations affirmative defense). But they did not point below to any evidence that the limitations period had accrued and have not done so in their answering briefs. Given the lack of record evidence of any triggering action and the appellees' forfeiture of the opportunity to even allege one, this Court should render judgment in BANA's favor on the statute of limitations issue.

## II. BANA Met Its Burden to Show Tender.

This Court should also hold that BANA's pre-sale tender of the superpriority portion ensured the Deed of Trust's survival. Elmer's answering brief includes no response to BANA's argument on tender, and the HOA's dispute of BANA's proof of the tender's delivery fundamentally misunderstands the Rule 56 summary judgment standard. As explained in the opening brief, pp. 16–21, all record

evidence shows that BANA sent the tender, and that the HOA's agent, NAS, received it. The HOA points to no contrary evidence that could raise an inference that it did not receive the tender—not so much as an affidavit. In contrast, BANA provided uncontroverted testimony from Miles Bauer's custodian of records and supporting documentation that Miles Bauer sent the tender and NAS received it. 2-ER-212–213 ¶¶ 8-9; 2-ER-227. This is more than sufficient to make a prima facie proof of delivery that, since it was unrebutted, will support summary judgment.

The HOA's arguments rely on lower court cases that are not binding on this or any other court. HOA Br. at 29 (citing *Fiducial, LLC v. Bank of N.Y. Mellon Corp.*, 432 P.3d 718 (Table), 2018 WL 6617727 (Nev. Dec. 11, 2018); *Deutsche Bank Nat'l Tr. Co. v. Edward Kielty Tr.*, No. 2:17-cv-01759-RFB-PAL, 2019 WL 1442183 (D. Nev. Mar. 31, 2019)). Even then, the HOA distorts the cases that it relies on, arguing that a "receipt stamp" or "proof of receipt" are *required* to prove tender. HOA Br. at 29. The first case cited by the HOA rejected the very argument that the HOA makes here, holding that "the testimony of Miles Bauer's custodian of records was sufficient to authenticate and lay the foundation for admitting the documents." *Fiducial*, 432 P.3d 718, at *1. In the *alternative*, the *Fiducial* court also noted that the evidence shows the check was stamped "Received." *Id.* As for the second case, timeliness of tender was simply not at issue; the HOA's citation is

to the district court's statement of undisputed facts, not any legal analysis. *Deutsche Bank Nat'l Tr.*, 2019 WL 1442183, at *3.

The record is undisputed that BANA tendered the full amount to NAS. A Miles Bauer employee familiar with its business records, testified that "[b]ased on Miles Bauer's business records, [NAS] returned the $576.00 check to Miles Bauer." 2–ER–213. The employee supported his affidavit by testifying that it was made in reliance on Miles Bauer's business records, that he has personal knowledge on how those records are created and maintained, and that these records are routinely made contemporaneously by persons with personal knowledge acting in the regular business activities of Miles Bauer. 2–ER–211. That testimony alone is evidence of tender and sufficient to support summary judgment. In contrast, the HOA has provided *no evidence* that would show any dispute of material fact here.

BANA provided still further evidence to support tender. BANA introduced copies of a letter and check to NAS for $576.00, 2–ER–222–223; a copy of that same check that was stamped "VOID" and "RECEIVED JUL 15 2011 ACCOUNTING," 2–ER–225; and a "copy of a screenshot containing the relevant Miles Bauer case management note confirming the check was returned," 2–ER–213. The case management notes independently state that the check was sent to NAS and then returned. 2–ER–227. The evidence is undisputed that the full amount was tendered to NAS and that NAS rejected the tender.

The HOA cannot defeat summary judgment merely by arguing that some other type of evidence would have been better. The party opposing summary judgment "'must do more than simply show that there is some metaphysical doubt as to the material facts' already in the record." *Bank of N.Y. Mellon v. 5008 Signal Drive Tr.*, No. 20-16388, 2021 WL 5823708, at *1 (9th Cir. Dec. 8, 2021) (quoting *Scott v. Harris*, 550 U.S. 372, 380 (2007)). In fact, the *5008 Signal* panel already rejected this same argument in a case also involving a Miles Bauer tender. There, it made no difference that "certain types of evidence of tender delivery—a runner slip, for example—are absent from the record" because the bank met its burden with "copies of the Miles Bauer tender letter and check, images of its case management system annotating receipt and rejection of the tender, and an affidavit attesting to the reliability of the case management system." *Id.* This Court should reject the HOA's argument again here. The record leaves no doubt that BANA tendered the superpriority portion of the lien to NAS and thus preserved the deed of trust. This Court should render judgment in BANA's favor on this issue.

## III. If This Court Remands the Quiet Title Claim, It Should Also Remand the NRS 116.1113 and Wrongful Foreclosure Claims.

The district court erred in holding that the limitations period barred BANA's duty of good faith and wrongful foreclosure claims, but this Court need not reach this issue if it renders judgment in BANA's favor on the statute of limitations and tender issues.

The HOA argues that the four-year limitations period used in *Thunder Properties* should not apply to BANA's damages claims because those claims are based on a "liability created by statute" and thus subject to NRS 11.190's three-year limitations period. But the HOA misunderstands this Court's precedents and ignores that BANA raised duty of good faith and wrongful foreclosure claims that are predicated on *both* statutory and non-statutory duties. This Court has held that the "object of the action" not the "theory upon which recovery is sought" determines whether an action sounds in contract, tort, or statute. *State Farm Mut. Auto. Ins. Co. v. Wharton*, 495 P.2d 359, 361 (9th Cir. 1972). The object of BANA's action here, recovering damages for wrongful foreclosure and breach of the duty of good faith, does not fall within NRS 11.190(1)(a)'s "liability created by statute." Accordingly, BANA's duty of good faith and wrongful foreclosure claims are governed by Nevada's four-year catch-all provision, and the district court erred in holding that they were time-barred.

The HOA's argument that *Thunder Properties* does not apply to BANA's NRS 116.1113 and wrongful foreclosure claims runs counter to this Court's *Nationstar* decision—a decision that the HOA relies on in its brief. In that case, this Court applied the four-year limitations period to identical claims when the parties conceded that *Thunder Properties* applied. *Nationstar*, 2023 WL 2301440, at *2. That holding was the logical conclusion of *Thunder Properties*. If a

"foreclosure sale does not necessarily extinguish [a] lien," and thus cannot put a bank on notice that its deed of trust may have been extinguished, then that same sale cannot put the bank on notice that it must file an action to recover damages for its lost deed of trust. *See Thunder Properties*, 503 P.3d at 306–07.

Accordingly, if this Court decides to remand this case instead of rendering judgment, then it should follow its *Nationstar* decision and remand BANA's damages claims as well.

## CONCLUSION

This Court should reverse the district court's summary judgment, confirm that BANA's quiet title claim was not time-barred, and further hold that the Deed of Trust survived the HOA's foreclosure sale. If this Court does not determine that the Deed of Trust survived the sale, it should instead remand all of BANA's claims, including the claims for wrongful foreclosure and breach of NRS 116.1113, for further proceedings.

Respectfully submitted this 20th day of September 2023.


*s/ Stephen C. Parsley*

R. Aaron Chastain
Stephen C. Parsley
Justin A. Miller
BRADLEY ARANT BOULT CUMMINGS LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
achastain@bradley.com
sparsley@bradley.com
jamiller@bradley.com

*Attorneys for Appellant Bank of America, N.A.*

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the type-volume limitation of 9th Cir. Rule 32-1(a) because it contains 3,316 words, excluding the parts of the brief exempted by 9th Cir. Rule 32-1(c).

2. This brief complies with the typeface requirements of 9th Cir. Rule 32-1(d) and Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

s/ Stephen C. Parsley
Of Counsel

## STATEMENT OF RELATED CASES

Pursuant to 9th Cir. Rule 28-2.6, counsel for the Appellant identifies the following cases that are related to this case in the sense that they raise the same or closely related issues:

> 20-15798: *The Bank of New York Mellon v. Star Hill Homeowners Association* – this appeal involves whether a deed of trust holder's quiet title claim is time-barred by NRS 11.220.
>
> 20-16342: *Wells Fargo Bank, N.A. v. Springs at Centennial Ranch Homeowners Association* – this appeal involves whether a deed of trust holder's quiet title claim is time-barred by NRS 11.220.

s/ Stephen C. Parsley
Of Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on September 20, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will provide electronic notice of such filing to all parties.

s/ Stephen C. Parsley
Of Counsel